1  BILAL A. ESSAYLI
   Acting United States Attorney
2  ALEXANDER B. SCHWAB
   Assistant United States Attorney
3  Acting Chief, Criminal Division
   NICHOLAS G. PURCELL (Cal. Bar No. 313632)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:  (213) 894-3752
7       Facsimile:  (213) 894-0141
        E-mail:    nicholas.purcell@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

```
FILED
CLERK, U.S. DISTRICT COURT

10/31/25

CENTRAL DISTRICT OF CALIFORNIA
BY:      MRV      DEPUTY
```

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. 2:25-cr-00892-SVW

13          Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                    AMANDA GRACE WOLBERG
14          v.
                                    **[CLASS A MISDEMEANOR]**
15  AMANDA GRACE WOLBERG,

16          Defendant.

17

18      1.   This constitutes the plea agreement between AMANDA GRACE

19  WOLBERG ("defendant") and the United States Attorney's Office for the

20  Central District of California (the "USAO") in the above-captioned

21  case.  This agreement is limited to the USAO and cannot bind any

22  other federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authorities.

24              DEFENDANT'S OBLIGATIONS

25      2.   Defendant agrees to:

26          a.   Give up the right to indictment by a grand jury and,

27  at the earliest opportunity requested by the USAO and provided by the

28  Court, appear and plead guilty to a single-count information in the

form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Simple Assault on a Person Assisting a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   Defendant shall participate in psychological counseling, psychiatric or mental-health treatment, anger-management treatment or counseling, or any combination thereof, which may be residential or outpatient, as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing.  Defendant agrees to and will

2

1  not oppose an order by the Court authorizing the Probation Officer to

2  disclose the Presentence Report, and any previous mental health

3  evaluations or reports, to any treatment provider.

4         ii.  Defendant shall report to the Probation Officer

5  at a time and as often as directed by the Probation Officer, and in a

6  manner to be directed by the Probation Officer, regarding (1)

7  attendance of all appointments with psychiatric, mental-health, anger

8  management, and medical professionals; (2) the scheduling of future

9  appointments with such professionals; and (3) defendant's compliance

10  with any medication treatment regimen prescribed or directed by such

11  professionals.

12         iii. Defendant shall sign releases sufficient to

13  authorize the Probation Officer to consult with psychiatric, mental-

14  health, anger-management, and medical professionals to monitor

15  defendant's attendance at appointments with such professionals and

16  compliance with any medication or treatment regimen prescribed or

17  directed by such professionals.

18         iv.  Defendant shall not knowingly, without prior

19  permission of the United States Probation and Pretrial Services or

20  unless required by a court order, come within 100 feet of a federal

21  building or within 100 feet of a federal law enforcement officer

22  engaged in the performance of his or her official duties.  Any

23  violations of this condition, whether intentional or inadvertent,

24  shall be reported within 24 hours of occurrence.

25                     THE USAO'S OBLIGATIONS

26      3.   The USAO agrees to:

27         a.   Not contest facts agreed to in this agreement.

28

b.    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose a sentence in accordance with paragraph 13 of this agreement.

NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Simple Assault on a Person Assisting a Federal Officer or Employee, in violation of Title 18, United States Code, Section 111(a)(1), the following must be true: (1) defendant forcibly assaulted a person assisting federal officers or employees of the United States; and (2) the defendant did so while the person was engaged in, or on account of, his or her official duties.

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 111(a)(1), as charged in the single-count information, is: one year imprisonment; a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

1  result in defendant serving a total term of imprisonment greater than
2  the statutory maximum stated above.

3      7.   Defendant understands that, by pleading guilty, defendant
4  may be giving up valuable government benefits and valuable civic
5  rights. Defendant understands that the conviction in this case may
6  also subject defendant to various other collateral consequences,
7  including but not limited to revocation of probation, parole, or
8  supervised release in another case and suspension or revocation of a
9  professional license.  Defendant understands that unanticipated
10 collateral consequences will not serve as grounds to withdraw
11 defendant's guilty plea.

12     8.   Defendant understands that, if defendant is not a United
13 States citizen, the conviction in this case may subject defendant to:
14 removal, also known as deportation, which may, under some
15 circumstances, be mandatory; denial of citizenship; and denial of
16 admission to the United States in the future.  The Court cannot, and
17 defendant's attorney also may not be able to, advise defendant fully
18 regarding the immigration consequences of the conviction in this
19 case.  Defendant understands that unexpected immigration consequences
20 will not serve as grounds to withdraw defendant's guilty plea.

21                          FACTUAL BASIS

22     9.   Defendant admits that defendant is, in fact, guilty of the
23 offense to which defendant is agreeing to plead guilty.  Defendant
24 and the USAO agree to the statement of facts provided below and agree
25 that this statement of facts is sufficient to support a plea of
26 guilty to the charge described in this agreement and to establish the
27 Sentencing Guidelines factors set forth in paragraph 11 below but is
28 not meant to be a complete recitation of all facts relevant to the

1  underlying criminal conduct or all facts known to either party that

2  relate to that conduct.

3      On or about October 1, 2025, in Los Angeles County, within the

4  Central District of California, defendant intentionally and forcibly

5  assaulted, resisted, impeded, intimidated, and interfered with victim

6  A.K., a Protective Security Officer ("PSO") employed by Paragon

7  Systems, Inc. and assisting officers and employees of the United

8  States Federal Protective Service ("FPS"), Department of Homeland

9  Security, a federal agency, while A.K. was engaged in, and on account

10  of, the performance of A.K.'s official duties, and in doing so, made

11  physical contact with A.K.

12      Specifically, on that date, defendant arrived outside of the

13  Wilshire Federal Building in Los Angeles, California.  At the time,

14  A.K. was on duty outside the main entrance door of the Wilshire

15  Federal Building so he could screen members of the public before they

16  entered the building.  A.K. was wearing his Paragon uniform at the

17  time and was assisting FPS to provide security at the Wilshire

18  Federal Building.

19      Defendant approached A.K. and attempted to punch him in the head

20  with her right fist. She did not attempt to talk to A.K. prior to

21  attempting to punch him, nor did she provide any other warning before

22  the attempted punch.  A.K. dodged the punch, which did not contact

23  him.

24      Immediately after the attempted punch, A.K. and other PSOs

25  detained defendant and sat her on a bench outside the main entrance

26  door to the building.  Defendant then attempted to escape custody on

27  foot.  A.K. ran after her and apprehended her again, guiding her back

28  to the bench. While A.K. was attempting to re-apprehend defendant,

6

1   she intentionally kicked A.K. hard on his left knee, which suffered

2   redness and bruising as a result.

3      SENTENCING FACTORS AND AGREED-UPON SENTENCING RECOMMENDATION

4      10.  Defendant understands that in determining defendant's

5   sentence the Court is required to calculate the applicable Sentencing

6   Guidelines range and to consider that range, possible departures

7   under the Sentencing Guidelines, and the other sentencing factors set

8   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

9   Sentencing Guidelines are advisory only, that defendant cannot have

10   any expectation of receiving a sentence within the calculated

11   Sentencing Guidelines range, and that after considering the

12   Sentencing Guidelines and the other § 3553(a) factors, the Court will

13   be free to exercise its discretion to impose any sentence it finds

14   appropriate up to the maximum set by statute for the crime of

15   conviction.

16      11.  Defendant and the USAO agree to the following applicable

17   Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | U.S.S.G. § 2A2.4 |
| Involved Physical Contact | +3 | |
| Acceptance of Responsibility | -2 | U.S.S.G. § 3E1.1(a) |
| Total Offense Level | 11 | |
| Criminal History Category | II | |
| Guideline Range: | | 10-16 months' imprisonment |

25      12.  The parties agree not to argue that any other specific

26   offense characteristics, adjustments, or departures be imposed.

27      13.  Defendant and the USAO agree that, taking into account the

28   factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

1  sentencing guideline factors set forth above, an appropriate

2  disposition of this case is that the Court impose a sentence of: a

3  custodial sentence within the range of time served to six months,

4  followed by a one-year period of supervised release with conditions

5  to be fixed by the Court which shall include the special conditions

6  set forth in paragraph 2(h) above, and a $25 special assessment.

7                        WAIVER OF CONSTITUTIONAL RIGHTS

8      14.  Defendant understands that by pleading guilty, defendant

9  gives up the following rights:

10         a.   The right to persist in a plea of not guilty.

11         b.   The right to a speedy and public trial by jury.

12         c.   The right to be represented by counsel -- and if

13  necessary have the Court appoint counsel -- at trial.  Defendant

14  understands, however, that, defendant retains the right to be

15  represented by counsel -- and if necessary have the Court appoint

16  counsel -- at every other stage of the proceeding.

17         d.   The right to be presumed innocent and to have the

18  burden of proof placed on the government to prove defendant guilty

19  beyond a reasonable doubt.

20         e.   The right to confront and cross-examine witnesses

21  against defendant.

22         f.   The right to testify and to present evidence in

23  opposition to the charges, including the right to compel the

24  attendance of witnesses to testify.

25         g.   The right not to be compelled to testify, and, if

26  defendant chose not to testify or present evidence, to have that

27  choice not be used against defendant.

28

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

15.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

16.    Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.    Defendant agrees that, provided the Court imposes the sentence specified in paragraph 13 above, including a custodial sentence in the range specified in that paragraph, defendant gives up

9

1  the right to appeal all of the following: (a) the procedures and

2  calculations used to determine and impose any portion of the

3  sentence; (b) the term of imprisonment imposed by the Court; (c) the

4  fine imposed by the Court, provided it is within the statutory

5  maximum; (d) to the extent permitted by law, the constitutionality or

6  legality of defendant's sentence, provided it is within the statutory

7  maximum; (e) the term of probation or supervised release imposed by

8  the Court, provided it is within the statutory maximum; and (f) any

9  of the following conditions of probation or supervised release

10 imposed by the Court: the conditions set forth in Second Amended

11 General Order 20-04 of this Court; the drug testing conditions

12 mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug

13 use conditions authorized by 18 U.S.C. § 3563(b)(7); and any special

14 conditions imposed pursuant to paragraph 2(h) above.

15      18.  The USAO agrees that, provided the Court imposes the

16 sentence specified in paragraph 13 above, including a custodial

17 sentence in the range specified in that paragraph, the USAO gives up

18 its right to appeal any portion of that sentence, and the procedures

19 and calculations used to determine and impose any portion of that

20 sentence.

21      WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

22      19.  Defendant agrees that: (i) any statements made by

23 defendant, under oath, at the guilty plea hearing; (ii) the agreed to

24 factual basis statement in this agreement; and (iii) any evidence

25 derived from such statements, shall be admissible against defendant

26 in any action against defendant, and defendant waives and gives up

27 any claim under the United States Constitution, any statute, Rule 410

28 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible. Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept her guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that her waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO

11

1  may declare this agreement breached.  All of defendant's obligations

2  are material, a single breach of this agreement is sufficient for the

3  USAO to declare a breach, and defendant shall not be deemed to have

4  cured a breach without the express agreement of the USAO in writing.

5  If the USAO declares this agreement breached, and the Court finds

6  such a breach to have occurred, then: (a) if defendant has previously

7  entered a guilty plea pursuant to this agreement, defendant will not

8  be able to withdraw the guilty plea, and (b) the USAO will be

9  relieved of all its obligations under this agreement.

10  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

11  OFFICE NOT PARTIES

12  23.  Defendant understands that the Court and the United States

13  Probation and Pretrial Services Office are not parties to this

14  agreement and need not accept any of the USAO's sentencing

15  recommendations or the parties' agreements to facts or sentencing

16  factors.

17  24.  Defendant understands that both defendant and the USAO are

18  free to: (a) supplement the facts by supplying relevant information

19  to the United States Probation and Pretrial Services Office and the

20  Court, (b) correct any and all factual misstatements relating to the

21  Court's Sentencing Guidelines calculations and determination of

22  sentence, and (c) argue on appeal and collateral review that the

23  Court's Sentencing Guidelines calculations and the sentence it

24  chooses to impose are not error, although each party agrees to

25  maintain its view that the calculations in paragraph 11 are

26  consistent with the facts of this case.  While this paragraph permits

27  both the USAO and defendant to submit full and complete factual

28  information to the United States Probation and Pretrial Services

1   Office and the Court, even if that factual information may be viewed

2   as inconsistent with the facts agreed to in this agreement, this

3   paragraph does not affect defendant's and the USAO's obligations not

4   to contest the facts agreed to in this agreement.

5       25.   Defendant understands that even if the Court ignores any

6   sentencing recommendation, finds facts or reaches conclusions

7   different from those agreed to, and/or imposes any sentence up to the

8   maximum established by statute, defendant cannot, for that reason,

9   withdraw defendant's guilty plea, and defendant will remain bound to

10   fulfill all defendant's obligations under this agreement.  Defendant

11   understands that no one -- not the prosecutor, defendant's attorney,

12   or the Court -- can make a binding prediction or promise regarding

13   the sentence defendant will receive, except that it will be within

14   the statutory maximum.

15   <u>NO ADDITIONAL AGREEMENTS</u>

16       26.   Defendant understands that, except as set forth herein,

17   there are no promises, understandings, or agreements between the USAO

18   and defendant or defendant's attorney, and that no additional

19   promise, understanding, or agreement may be entered into unless in a

20   writing signed by all parties or on the record in court.

21   //

22   //

23   //

24   //

25

26

27

28

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
Acting United States Attorney

_Nicholas Purcell_                          October 30, 2025

NICHOLAS G. PURCELL                         Date
Assistant United States Attorney

_Amanda Wolberg_                            10/27/25
AMANDA GRACE WOLBERG                         Date
Defendant

_M. O. Cross_                               10/29/25
SAMUEL OWEN CROSS                           Date
Attorney for Defendant
AMANDA GRACE WOLBERG

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          10/29/25
AMANDA GRACE WOLBERG                     Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Amanda Grace Wolberg's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

10/21/25

SAMUEL OWEN CROSS
Attorney for Defendant
AMANDA GRACE WOLBERG

Date

# EXHIBIT A

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,          No.

11              Plaintiff,             I N F O R M A T I O N

12              v.                     [18 U.S.C. § 111(a)(1): Simple
                                       Assault on a Person Assisting
13  AMANDA GRACE WOLBERG,              Federal Officer]

14              Defendant.             **[CLASS A MISDEMEANOR]**

15

16

17       The Acting United States Attorney charges:

18                    [18 U.S.C. § 111(a)(1)]

19       On or about October 1, 2025, in Los Angeles County, within the

20  Central District of California, defendant AMANDA GRACE WOLBERG

21  intentionally and forcibly assaulted, resisted, impeded, intimidated,

22  and interfered with victim A.K., a Protective Security Officer

23  employed by Paragon Systems, Inc. and assisting officers and

24  employees of the United States Federal Protective Service, Department

25  of Homeland Security, a federal agency, while A.K. was engaged in,

26  //

27  //

28

and on account of, the performance of A.K.'s official duties, and in doing so, made physical contact with A.K.

                                        BILAL A. ESSAYLI
                                        Acting United States Attorney

                                        ALEXANDER B. SCHWAB
                                        Assistant United States Attorney
                                        Acting Chief, Criminal Division


                                        FRANCES S. LEWIS
                                        Assistant United States Attorney
                                        Chief, General Crimes Section

                                        SHAWN T. ANDREWS
                                        Assistant United States Attorney
                                        Deputy Chief, General Crimes
                                        Section

                                        NICHOLAS G. PURCELL
                                        Assistant United States Attorney
                                        General Crimes Section