TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8231
     Facsimile: (213) 894-0141
     E-mail:    lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00892-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT AMANDA GRACE WOLBERG |
| v. | |
| AMANDA GRACE WOLBERG, | Hearing Date: February 9, 2026<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the Hon. Stephen V. Wilson |
| Defendant. | |

   Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Lauren E. Border, hereby files its sentencing position as to defendant AMANDA GRACE WOLBERG.

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 12, 2026　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　TODD BLANCHE
　　　　　　　　　　　　　　　　　　　　Deputy Attorney General

　　　　　　　　　　　　　　　　　　　　BILAL A. ESSAYLI
　　　　　　　　　　　　　　　　　　　　First Assistant United States
　　　　　　　　　　　　　　　　　　　　Attorney

　　　　　　　　　　　　　　　　　　　　ALEXANDER B. SCHWAB
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Acting Chief, Criminal Division

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　LAUREN E. BORDER
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant AMANDA GRACE WOLBERG (defendant") has severe mental health issues that make her a danger to society. As a result of her continuing unmonitored conduct, she nearly punched an protective security officer before kicking him in the knee. On December 1, 2025, in a binding plea agreement, defendant pled guilty to one misdemeanor count of simple assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1). (Dkt. 22.)

On January 5, 2026, the United States Probation and Pretrial Services Office ("USPO") filed its Presentence Investigation Report (Dkt. 31 (the "PSR")). In the PSR, the USPO determined that (1) defendant's total offense level is 11; (2) defendant's criminal history category is III; and (3) the Sentencing Guidelines range is 12 months' imprisonment. (PSR at 4.) The USPO recommends sentencing defendant to four months' imprisonment,[1] one year of supervised release with mental health and substance abuse treatment and a condition to stay away from federal buildings and officers, and a special assessment of $25.[2] (See Recommendation Letter (dkt. 30).) The government agrees with the USPO's calculation of the total offense level[3] and sentencing recommendation. The government

---

[1] Defendant has been in custody since October 3, 2025. (Dkt. 6.) At defendant's sentencing hearing on February 9, 2026, she will have served over four months, making the recommended sentence time-served.

[2] The government also agrees defendant has no ability to pay a fine and is not seeking restitution in this case.

[3] The parties agreed in the plea agreement that defendant's criminal history category is II (dkt. 17 ¶ 11), such that the guidelines range is 10-16 months. Either way, defendant's sentence is capped at 12 months because she pled guilty to a misdemeanor. U.S.S.G. § 5G1.1(c)(1).

respectfully requests the Court impose a sentence in accordance with the USPO's recommendation and the parties' plea agreement.

## II. STATEMENT OF FACTS

As set forth in the plea agreement (dkt. 17), on or about October 1, 2025, defendant intentionally and forcibly assaulted victim A.K., a Protective Security Officer ("PSO") employed by Paragon Systems, Inc. and assisting officers and employees of the United States Federal Protective Service ("FPS"), Department of Homeland Security.

Specifically, on that date, defendant arrived outside of the Wilshire Federal Building in Los Angeles, California. (Dkt. 17 ¶ 9.) At the time, A.K. was on duty outside the main entrance door of the Wilshire Federal Building so he could screen members of the public before they entered the building. (Id.) Defendant approached A.K. and attempted to punch him in the head with her right fist. (Id.) She did not attempt to talk to A.K. prior to attempting to punch him, nor did she provide any other warning before the attempted punch. (Id.) A.K. dodged the punch, which did not contact him. (Id.)

Immediately after the attempted punch, A.K. and other PSOs detained defendant and sat her on a bench outside the main entrance door to the building. (Id.) Defendant then attempted to escape custody on foot. (Id.) A.K. ran after her and apprehended her again, guiding her back to the bench. (Id.) While A.K. was attempting to re-apprehend defendant, she intentionally kicked A.K. hard on his left knee, which suffered redness and bruising as a result. (Id.)

According to defendant, she assaulted A.K. because she wanted to get the attention of the FBI to report "events that had happened to her," and "no one was listening to her." (PSR ¶ 15.) Defendant has a

history of substance abuse and has been diagnosed with attention deficit hyperactivity disorder (ADHD), anxiety, depression, and bi-polar. (PSR ¶¶ 71, 75-79.) Her family members believe she also suffers from schizophrenia and would support even involuntary mental health treatment for her own protection. (PSR ¶ 68.)

## III. ARGUMENT

The government respectfully recommends a sentence of time-served, followed by one year of supervised release to include the conditions specified in paragraph 2(h) of the plea agreement (mental health and substance abuse treatment, and a condition to stay away from federal buildings and officers), and a $25 special assessment. This sentence is sufficient, but not greater than necessary, taking into consideration the factors listed in 18 U.S.C. § 3553(a)(2).

The nature and circumstances of the offense indicate that a credit for time-served sentence is appropriate. Defendant attempted to sucker punch A.K. and then later succeeded in kicking him after attempting to flee. Defendant did this despite a recent encounter with federal law enforcement when she vandalized a federal building. (PSR ¶ 47.) Her violence in this case warrants a custodial sentence. However, defendant did not use a weapon, and, fortunately, A.K. was not seriously injured.

As to defendant's history and characteristics, defendant's criminal acts stem from her mental health issues, which appear to be worsening in custody. See PSR ¶ 74 (noting defendant "suffers from persecutory delusions about the guards [ ], which have resulted in her being hospitalized . . . on at least one occasion"). A time-served sentence allows defendant the opportunity to better address the mental health and substance abuse issues underlying her criminal

conduct in an intensive setting.

Lastly, a custodial sentence of time-served alongside the proposed supervised release conditions is sufficient but not greater than necessary to ensure specific and general deterrence for the charged conduct, and a downward variance is appropriate in light of defendant's mental health and substance abuse issues.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to time-served, followed by a one-year term of supervised release with mental health and substance abuse treatment and a condition to stay away from federal buildings and officers, and the mandatory special assessment of $25.